

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| A. ZAHNER COMPANY, | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | WD78063 (Consolidated with WD78087) |
| | ) | |
| MCGOWAN BUILDERS, INC., | ) | Opinion filed: May 24, 2016 |
| | ) | |
| Respondent-Appellant. | ) | |

## APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
### THE HONORABLE JACK R. GRATE, JUDGE

Before Division One: Lisa White Hardwick, Presiding Judge,
Victor C. Howard, Judge and Gary D. Witt, Judge

A. Zahner Company ("Zahner") appeals the judgment of the trial court denying prejudgment interest and attorney fees in its breach of contract action against McGowan Builders, Inc. ("McGowan"). McGowan cross appeals the trial court's ruling that the contract did not unambiguously make receipt of payment from the owner of the project by McGowan a condition precedent to its obligation to pay Zahner and the court's resultant exclusion of evidence and testimony regarding the contract provision that McGowan alleged created such condition. The judgment is reversed and the case remanded for a new trial.

### Factual and Procedural Background

Hampshire Hotel and Resorts ("owner") contracted with McGowan to construct the Dream Hotel in New York City, New York.

Zahner entered into a purchase order contract with McGowan dated January 28, 2009, for a curtain wall rain screen system of exterior metal paneling for the Dream Hotel. Zahner provided design for and engineered, fabricated, and supplied the panels and the panel fastening system to affix the panels to the building. The installation of the system was subcontracted by McGowan to Custom Metalcrafters Inc. ("CMI"), but the contract also specified that Zahner would provide 120 hours of technical advice to McGowan and CMI regarding the installation.

Zahner's senior vice president, Robert Zahner, signed the contract for Zahner. Emmet Friel was the on-site assistant project manager for McGowan and worked directly with Zahner. Mr. Friel was responsible for receiving pay applications from the subcontractors and passing them on to the owner's consultants for approval, and he attended weekly meetings with the owners and the bank.

Originally the purchase order was for $4,400,000; and numerous additions and reductions to the price were made through "proceed orders", also referred to as "change orders". If McGowan believed Zahner supplied defective materials or otherwise failed to perform its obligations under the purchase order, it would issue a deductive proceed order, also called a back charge, reducing the purchase order price. In total seven deductive change orders were issued and eight additive change orders, ultimately brining the final purchase order price to $4,986,077.77. McGowan paid Zahner $4,667,632. The purchase order contract provided that a five percent retainage was going to be withheld, which the parties agreed came to a total of $249,303, until all close out documents, "to include warrantee, as-built drawings, etc." were "submitted and approved."

Most of the time the payment schedule was once a month. The subcontractors, including Zahner, submitted to McGowan a preliminary request, or "pencil draft" on a payment application

form, which McGowan reviewed and aggregated and submitted in its pay application to the owner, which was discussed with the owner, after which McGowan and owner would agree to the amount to be paid that month. McGowan then had the subcontractors sign and submit final approved payment applications for the agreed upon amounts of the progress payments, which were put together and attached to a formal payment application McGowan submitted to the owner. Payments were generally made thirty to forty-five days after McGowan submitted the final approved payment application to the owner.

There were concerns and changes throughout the project between McGowan and Zahner, but generally the companies had been able to work through their issues until gradually their communications became more filled with disagreements over problems with the panel system, what caused them, potential resolutions and who was responsible for them and who should control them, and financial and contractual implications.

For payment application number 26, submitted February 28, 2011, payments from McGowan to Zahner left an unpaid balance of $70,337 of the amount billed. Application 27, submitted March 25, 2011, was fully paid. Applications 28, 29, and 30, the final payment applications of the project, submitted on May 2, July 1, and July 27, 2011, respectively, were not paid at all. The last payment from McGowan to Zahner was $50,000 on September 29, 2011, and left a balance of $318,446 unpaid on amounts billed by Zahner on approved pay applications.

The hotel opened May 15, 2011, at which time all panels had been installed except the last 37 panels, which were trim pieces referred to as skirt panels that were to be attached to the building a few inches above ground level, and whose value under the purchase order was $13,800.

August 24, 2011, Zahner filed a mechanic's lien on the hotel in the amount of $354,663. In February of 2012 Zahner initiated arbitration, which was dismissed for lack of jurisdiction to arbitrate. June 11, 2013, Zahner filed a petition in the Circuit Court of Jackson County, Missouri, alleging, in relevant part, breach of contract and damages under Missouri's Prompt Payment Act, RSMo section 431.180. McGowan filed a parallel action in Federal Court in New Jersey, which was stayed pending the outcome of the case Zahner filed in Missouri.

In the Jackson County, Missouri case McGowan raised the provision in paragraph 7 of the contract as a defense to Zahner's breach of contract claim for non-payment, and Zahner in its motions in limine requested the court to order that the provision was unenforceable and that McGowan be precluded from arguing the provision was a condition precedent to payment by McGowan to Zahner. Paragraph 7 of the contract reads:

> [Zahner] agrees that [McGowan] will not be responsible to make any payment, progress or final, to [Zahner] for any and all of the goods identified in this Purchase Order unless and until [McGowan] receives payment for such goods from the Owner of the project which the goods are to be installed or used. If Subcontractor is not paid within 45 days of when a pay application is submitted, Subcontractor may stop the Work of this Subcontract until payment is received. Prior to restarting the work, the Subcontract sum shall be increased by an appropriate amount for the reasonable costs of demobilization, delay (scheduled pay increase, etc[.]) and remobilization.

The court ruled as a matter of law that the provision was not a condition precedent to McGowan's obligation to pay Zahner and precluded McGowan from offering argument or evidence of this defense.

A jury trial took place on Zahner's claims against McGowan in the Jackson County, Missouri Circuit Court, starting July 21, 2014, and lasting nine days. The jury returned a verdict finding in favor of Zahner on its breach of contract claim against McGowan and assessed damages at $303,973.26. Pursuant to the stipulation of the parties, Zahner's claim for

prejudgment interest and claim under the Missouri Prompt Pay Act were tried to the court and were denied.

McGowan filed a motion for judgment notwithstanding the verdict or new trial or remittitur, which the court denied. Zahner appeals the denial of prejudgment interest and attorney fees. McGowan cross appeals the court's pretrial rulings that the provision of paragraph 7 of the purchase order contract did "not clearly and unambiguously make receipt of payment from the Owner a condition precedent to McGowan's obligation to pay Zahner for the materials. That clause is not enforceable as a condition precedent." and that McGowan could not "argue, or . . . prove, or . . . introduce evidence that [it was] not required to pay because of the pay-if-paid clause, period."

## Discussion

Zahner argues on appeal that the trial court erred in denying its motion for prejudgment interest and attorney fees. In light of this Court's determination of McGowan's cross appeal and the resulting remand for a new trial, there is no need to address Zahner's claim on appeal because, based on our ruling, it has not prevailed, and because Zahner's claim for prejudgment interest and attorney fees will likely need to be re-evaluated anew on remand.[1]

McGowan argues on appeal that the trial court erred in ruling as a matter of law that the purchase order contract did not unambiguously make receipt of payment from the owner of the project by McGowan a condition precedent to its obligation to pay Zahner. McGowan asserts that the court's resultant exclusion of evidence and testimony regarding the contract provision that McGowan alleged created such condition, and thereby defense to the breach of contract claim, was erroneous and substantially prejudiced McGowan.

---

[1] Given the resolution of the issues on appeal, Zahner's Motion for Attorney's fees on appeal is denied.

5

The disputed provision, paragraph 7 of the purchase order contract, reads:

[Zahner] agrees that [McGowan] will not be responsible to make any payment, progress or final, to [Zahner] for any and all of the goods identified in this Purchase Order unless and until [McGowan] receives payment for such goods from the Owner of the project which the goods are to be installed or used. If Subcontractor is not paid within 45 days of when a pay application is submitted, Subcontractor may stop the Work of this Subcontract until payment is received. Prior to restarting the work, the Subcontract sum shall be increased by an appropriate amount for the reasonable costs of demobilization, delay (scheduled pay increase, etc) and remobilization.

In pretrial hearing on July 2, 2014, in discussing Zahner's motion in limine regarding the provision, the trial court stated:

The jury will sort out if the reason they didn't pay is because they didn't have the money or because the performance stinked, stank, stunk or whatever, or they just didn't like their looks. The jury will figure that out. You'll both have your explanations. I don't think it would be appropriate for the defendant to argue, or to prove, or to introduce evidence that they are not required to pay because of the pay-if-paid clause, period. I don't think that this motion in limine's intendment is that they don't get to defend themselves by explaining why they didn't pay. That is overruled. The defendant gets to talk about why they didn't get paid . . . that's my ruling.

July 8, 2014, the trial court issued a written order, titled "Order Regarding the So Called 'Pay-If-Paid' Provision", in which it found that the contract "does not clearly and unambiguously make receipt of payment from the Owner a condition precedent to McGowan's obligation to pay Zahner for the materials. That clause is not enforceable as a condition precedent."

Zahner argues McGowan failed to preserve this issue for appellate review. On the contrary, McGowan argued the issue before trial, and after the trial court explicitly stated in a written order that paragraph 7 was not enforceable as a condition precedent and stated at pretrial hearing that it would not "be appropriate for the defendant to argue, or to prove, or to introduce evidence that they are not required to pay because of the pay-if-paid clause, period", some evidence was adduced at trial tending to show that McGowan did not have complete funding

6

from the owner for the outstanding payments that were due to Zahner, and McGowan raised the issue again in its motion for new trial. Rule 78.07 provides that in a jury tried case, "allegations of error must be included in a motion for new trial in order to be preserved for appellate review." McGowan sufficiently preserved for appellate review the issue of the court's exclusion of the argument that paragraph 7 was a condition precedent to McGowan's obligation to pay Zahner and constituted a defense to Zahner's breach of contract claim.

Appellate review of a trial court's interpretation of a contract is *de novo*, as questions of contract interpretation are questions of law. *Scheck Indus. Corp. v. Tarlton Corp.*, 435 S.W.3d 705, 718 (Mo. App. E.D. 2014). If the contract is not ambiguous, the contract language is controlling and parol evidence is not permitted to show the parties' intent. *Id.*

"[W]hen a general contractor puts a risk-shifting provision in a subcontract, the burden of clear expression is on the general contractor." *MECO Systems, Inc. v. Dancing Bear Entertainment, Inc.*, 42 S.W.3d 794, 806 (Mo. App. S.D. 2001). Therefore, if an alleged "pay if paid" provision is ambiguous, it merely fixes a reasonable time within which the general contractor must pay the subcontractor. *Id.* Provisions fitting this description are referred to as "pay when paid" provisions and the majority view nationwide is to interpret them as timing mechanisms rather than conditions precedent, "requiring payment from the general contractor to the subcontractor in a reasonable time after the work is performed, regardless of when the general contractor receives payment from the owner." *Tymeless Flooring, Inc. v. Rotolo Consultants, Inc.*, 2014-1392, p. 6 (La. App. 4 Cir. 5/20/15); 172 So.3d 145, 149 (internal quotation omitted).

However, "if a 'pay if paid' provision is clear and unambiguous, it will be interpreted as setting a condition precedent to the general contractor's obligation to pay." *MECO Systems, Inc.*,

7

42 S.W.3d at 806. When language in a provision "clearly and unequivocally shifts the owner's credit risk from the general contractor to the subcontractor . . . [t]he magic language . . . is usually words like 'on condition that,' 'if,' 'provided that,' or by 'some other phrase that conditions performance.'" *Tymeless Flooring, Inc.*, 2014-1392, p. 7; 172 So.3d at 149. "Including conditional expressions, such as 'if' or 'unless or until,' aids in alleviating the ambiguity and making the parties' intent explicit; furthermore, where the parties intend to share any risk arising from an owner's unanticipated insolvency, the contract should provide explicitly for this contingency." *Id.* at p. 10; 151 (internal quotation omitted).

Here, the purchase order provision McGowan alleges to be a "pay if paid" rather than "pay when paid" provision reads:

> [Zahner] agrees that [McGowan] *will not be responsible to make any payment*, progress or final, to [Zahner] for any and all of the goods identified in this Purchase Order *unless and until* [McGowan] receives payment for such goods from the Owner of the project which the goods are to be installed or used. If Subcontractor is not paid within 45 days of when a pay application is submitted, Subcontractor may stop the Work of this Subcontract until payment is received. Prior to restarting the work, the Subcontract sum shall be increased by an appropriate amount for the reasonable costs of demobilization, delay (scheduled pay increase, etc) and remobilization.

(emphasis added). The use of "unless and until" conditions McGowan's obligation to pay Zahner upon its receipt of payment from the Owner of the project. The second and third sentences of the provision allow Zahner to stop work if payment is not forthcoming within 45 days.

Zahner argued and the trial court accepted that paragraph 7 was ambiguous, that the risk shifting of the first sentence was contradicted by the payment timeframe of the second and third sentences. Rather than finding a contradiction and creating an ambiguity as suggested by Zahner and accepted by the trial court, the second and third sentences should be harmonized if

reasonably possible to reach a more natural, probable, and reasonable construction. *CB Commercial Real Estate Group, Inc. v. Equity Partnerships Corp.*, 917 S.W.2d 641, 646-47 (Mo. App. W.D. 1996).

The first sentence's use of the words "will not be responsible to make any payment . . . unless and until [McGowan] receives payment . . . from the Owner" clearly and unambiguously create a condition precedent shifting the owner's credit risk from McGowan to Zahner. The second and third sentences, which the record reveals were added by Zahner through negotiation before the final purchase order was created and signed, ease the burden that this risk places on Zahner by allowing Zahner to stop work on the project entirely if payment is not forthcoming within 45 days, regardless of what or whom caused the delay or termination of payment. Rather than being contradictory or ambiguous, paragraph 7 logically distributes financial risk between the parties and provides both a measure of financial protection: McGowan would not be responsible to pay funds they did not have and Zahner would not be responsible to continue work if it did not receive payment within a reasonable time.

Because the first sentence in paragraph 7 of the purchase order contract was unambiguous and constituted a pay-if-paid provision, the trial court's ruling was erroneous. McGowan was prejudiced by the error because McGowan was deprived of the defense of arguing that owner's failure to pay McGowan justified McGowan's nonpayment to Zahner pursuant to the contractual terms of the purchase order. Furthermore, although some evidence on the issue was presented, based on the court's repeated position that the pay-if-paid justification defense was not to be argued, McGowan would not have logically included presenting a significant amount of evidence that they were not paid by the owner as part of its trial strategy,

9

and instead, very clearly focused on showing that Zahner did not perform its promises under the contract as justification as its defense.

The judgment is reversed and the case remanded for a new trial in which McGowan will be allowed to present evidence and argument based on paragraph 7 of the purchase order contract constituting a pay if paid provision.

_____

VICTOR C. HOWARD, JUDGE

All concur.

10